FILED
CLERK, U.S. DISTRICT COURT

08/25/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

April 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　　　　v.<br><br>CARLOS ANDRES PATINO BARRERO,<br><br>　　　　　　Defendant. | No. 8:21-cr-00149-DOC<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii): Possession with Intent to Distribute Methamphetamine; 18 U.S.C. §§ 924(c)(1)(A)(i), (B)(ii): Possession of Firearms and Machinegun in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 922(o)(1): Possession of Machinegun; 18 U.S.C. § 922(g)(1): Felon in Possession of Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924, 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

On or about November 6, 2020, in Orange County, within the Central District of California, defendant CARLOS ANDRES PATINO BARRERO knowingly and intentionally possessed with intent to

distribute at least five grams, that is, approximately 49.4 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[18 U.S.C. §§ 924(c)(1)(A)(i), (B)(ii)]

On or about November 6, 2020, in Orange County, within the Central District of California, defendant CARLOS ANDRES PATINO BARRERO knowingly possessed firearms, namely, two Polymer 80, 9mm handguns bearing no serial numbers (commonly referred to as "ghost guns"), one of which was equipped with a "Glock switch" attachment, namely, an auto-switch conversion device that was designed and intended for the purpose of converting a semi-automatic handgun into a fully-automatic machine gun, in furtherance of a drug trafficking crime, namely, possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii), as charged in Count One of this Indictment.

The firearm possessed by defendant PATINO with a "Glock switch" attachment was a machinegun, as defined in Title 18, United States Code, Section 921(a)(23) and Title 26, United States Code, Section 5845(b).

COUNT THREE

[18 U.S.C. § 922(o)(1)]

On or about November 6, 2020, in Orange County, within the Central District of California, defendant CARLOS ANDRES PATINO BARRERO knowingly possessed a machinegun, as defined in Title 18, United States Code, Section 921(a)(23) and Title 26, United States Code, Section 5845(b), namely, an auto-switch conversion device that was designed and intended for the purpose of converting a semi-automatic handgun into a fully-automatic machinegun, and which was attached to a Polymer 80, 9mm handgun that did not bear a legitimate manufacturer's mark or serial number (also known as a "ghost gun"), which defendant PATINO knew to be a machinegun.

COUNT FOUR

[18 U.S.C. § 922(g)(1)]

On or about November 6, 2020, in Orange County, within the Central District of California, defendant CARLOS ANDRES PATINO BARRERO knowingly possessed ammunition, namely, five rounds of Winchester 9mm ammunition; four rounds of Fiocchi 9mm ammunition; 14 rounds of Blazer 9mm ammunition; three rounds of Remington Peters 9mm ammunition; one round of Perfecta 9mm ammunition; one round of CBC Global 9mm ammunition; one round of Jagemann 9mm ammunition; and four rounds of Federal Cartridge 9mm ammunition, each in and affecting interstate and foreign commerce.

Defendant PATINO possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1)   Assault with a Deadly Weapon, in violation of California Penal Code Section 245(a)(a), in the Superior Court of the State of California, County of Los Angeles, case number GA040549, on or about January 19, 2000;

(2)   Unlawful Driving or Taking of a Vehicle, in violation of California Vehicle Code Section 10851(a), in the Superior Court of the State of California, County of Los Angeles, case number KA061395, on or about May 2, 2003;

(3)   Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11377(a), in the Superior Court of the State of California, County of Los Angeles, case number KA069062, on or about June 13, 2005;

(4)   Possession of a Dangerous Weapon, in violation of California Penal Code Section 12020(a)(1), in the Superior Court of

the State of California, County of Los Angeles, case number KA071337, on or about July 7, 2005;

(5)   Unlawful Driving or Taking of a Vehicle, in violation of California Vehicle Code Section 10851(a), in the Superior Court of the State of California, County of Los Angeles, case number PA065248, on or about September 2, 2009;

(6)   Grand Theft Auto with Prior, in violation of California Penal Code Section 666.5, in the Superior Court of the State of California, County of Los Angeles, case number LA067988, on or about June 10, 2011;

(7)   Fleeing Peace Officer with Driving Recklessly and Driving or Taking a Vehicle Without Consent after a Prior Conviction, in violation of California Vehicle Code Sections 2800.2 and 10851 and California Penal Code Section 666.5, in the Superior Court of the State of California, County of Los Angeles, case number LA080348, on or about March 25, 2015; and

(8)   Unlawful Possession of Ammunition, in violation of California Penal Code Section 30305(a)(a), in the Superior Court of the State of California, County of Los Angeles, case number LA091284, on or about September 15, 2019.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

a)    All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense;

b)    All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense;

c)    All right, title, and interest in any firearm or ammunition involved in or used in such offense, including but not limited to the following seized on November 6, 2020:

i.    One Polymer 80, 9mm handgun and no serial number;

ii.   One Polymer 80, 9mm handgun with a "Glock switch" attachment and no serial number;

iii.  five rounds of Winchester 9mm ammunition;

iv.   four rounds of Fiocchi 9mm ammunition;

v.    14 rounds of Blazer 9mm ammunition;

vi.   three rounds of Remington Peters 9mm ammunition;

vii.  one round of Perfecta 9mm ammunition;

viii.    one round of CBC Global 9mm ammunition;

ix.  one round of Jagemann 9mm ammunition; and

x.   four rounds of Federal Cartridge 9mm ammunition;

and

d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.   Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of any of the offenses set forth in Count Two, Three, or Four of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

a)    All right, title, and interest in any firearm or ammunition involved in or used in any such offense, including but not limited to the following seized on November 6, 2020:

    i.    One Polymer 80, 9mm handgun and no serial number;

    ii.   One Polymer 80, 9mm handgun with a "Glock switch" attachment and no serial number;

    iii.  five rounds of Winchester 9mm ammunition;

    iv.   four rounds of Fiocchi 9mm ammunition;

    v.    14 rounds of Blazer 9mm ammunition;

    vi.   three rounds of Remington Peters 9mm ammunition;

    vii.  one round of Perfecta 9mm ammunition;

    viii.   one round of CBC Global 9mm ammunition;

    ix.   one round of Jagemann 9mm ammunition; and

    x.    four rounds of Federal Cartridge 9mm ammunition; and

1          b)   To the extent such property is not available for

2    forfeiture, a sum of money equal to the total value of the property

3    described in subparagraph (a).

4        3.   Pursuant to Title 21, United States Code, Section 853(p),

5    as incorporated by Title 28, United States Code, Section 2461(c), the

6    defendant, if so convicted, shall forfeit substitute property, up to

7    the value of the property described in the preceding paragraph if, as

8    the result of any act or omission of the defendant, the property

9    described in the preceding paragraph or any portion thereof

10   (a) cannot be located upon the exercise of due diligence; (b) has

11   been transferred, sold to, or deposited with a third party; (c) has

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

_____
Foreperson

TRACY L. WILKISON
Acting United States Attorney


SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

JENNIFER L. WAIER
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office

ANN LUOTTO WOLF
Assistant United States Attorney
Santa Ana Branch Office